IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff/Respondent,

v.                                                                                 No. 2:24-cr-0286 RB

CESAR ALEJANDRO ORDAZ-MIRANDA,

    Defendant/Petitioner.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Cesar Alejandro Ordaz-Miranda's March 6, 2025 motion. (Doc. 29.) Petitioner is a federal prisoner and is proceeding *pro se*. He alleges the Bureau of Prisons (BOP) is miscalculating his sentence. (*See id.*) The United States moves to dismiss, arguing that Petitioner's motion should be construed as a claim brought pursuant to 28 U.S.C. § 2241 and dismissed or transferred. (Doc. 32.) The Court agrees with the United States and will direct the Clerk's Office to transfer the matter to the United States District Court for the Central District of California.

    Petitioner's current anticipated release date is November 17, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Mar. 31, 2025). He alleges that his release date should be June 30, 2025. (*See* Doc. 29 at 1.) A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a release date, is construed as a habeas corpus petition under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence.") (citation omitted); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). As a result, the Court will construe the motion as a petition for relief under § 2241.

When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined") (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Petitioner is currently confined at Los Angeles MDC, within the jurisdiction of the United States District Court for the Central District of California. *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 84(c). The motion must be resolved in that federal court.

District courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion . . . to transfer [an inmate's] case" *sua sponte*) (citation omitted). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citation omitted); *see also Faulkenburg v. Weir*, 350 F. App'x 208, 210 (10th Cir. 2009). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 F. App'x 96, 96 (10th Cir. 2021). An allegation that the BOP miscalculated Petitioner's sentence may survive initial review. And, while Petitioner directs his concerns to the sentencing court rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants. The Court therefore finds the

motion was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the Central District of California. Petitioner may be asked to file his claims on the proper § 2241 form, which provides more information, and pay the $5 habeas filing fee. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the Central District of California.**

**IT IS ORDERED** that the United States' Amended Motion to Dismiss (Doc. 32) is **GRANTED in part**: the Court will construe the motion as a petition under 28 U.S.C. § 2241 and transfer it to the appropriate district;

**IT IS FURTHER ORDERED** that the Clerk's Office shall **TRANSFER** the motion (**Doc. 29**) to the United States District Court for the Central District of California;

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the California Court.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss (Doc. 31) is **DENIED as moot**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE